UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MARHABA PARTNERS LIMITED PARTNERSHIP | § § | Case No. 10-30227 |
| | § | |
| Debtor. | § § | (Chapter 11) |

### EXPEDITED MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Karen K. Brown,
United States Bankruptcy Judge:**

Marhaba Partners Limited Partnership, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor") files this Expedited Motion for Interim and Final Orders Authorizing the Debtor's Use of Cash Collateral (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the

1820388v1

relief requested in this Motion are sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

## Background

2. On January 5, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. No trustee, examiner, or creditors committee has been appointed in the Debtor's case.

5. The Debtor owns approximately 3,000 acres of land in numerous tracts in the Houston area which are in various stages of development. The bankruptcy case was filed primarily to avoid the foreclosure by Compass Bank on two of its properties in Brookshire, Texas.

6. Among the Debtor's assets are two contiguous properties with a small apartment complex situated on each tract located at 2320 McCue and 2306 McCue, Houston Texas, 77056, respectively (jointly referred to as the "McCue Property").

**The Debtor's Prepetition Debt to City Bank and Liens**

7. The Debtor is party to the Promissory Note dated April 24, 2008 by and between the Debtor and City Bank in the principal amount of $10,850,000 (the "Note"). Attached as Exhibit A. Also on that Date, the Debtor executed a Deed of Trust, Security Agreement, Assignment of Leases and Rentals and Financing Statement ("Deed of Trust"). Attached as Exhibit B. The Debtor's obligations to City Bank under the Note are secured by a security interest in the McCue Property and the rents derived therefrom (the "Collateral").

8. The Debtor believes that any Collateral constituting "cash collateral" as that term is defined under the Section 363 of the Bankruptcy Code (the "Cash Collateral") is covered by City Bank's liens.

## Discussion

**Cash Collateral**

9. Under Section 363(c) of the Bankruptcy Code, a debtor may use cash collateral if all interested entities consent or the court authorizes such use. 11 U.S.C. § 363(c)(2). The court may authorize such use upon a showing that those with an interest in the cash collateral are adequately protected. *In re Harrington & Richardson, Inc.*, 48 B.R. 431 (Bankr. D. Mass. 1985); *see also In re Certified Corp.*, 51 B.R. 768, 770 (Bankr. D. Haw. 1985) ("It is well established that a debtor is entitled to use cash collateral upon proof of adequate protection."). Also, section 363(e) of the Bankruptcy Code requires that the use of cash collateral be prohibited or conditioned as is necessary to provide adequate protection to persons that have an interest in cash collateral. 11 U.S.C. § 363(e). Although the term "adequate protection" is not precisely defined in the Bankruptcy Code, section 361 sets forth three non-exclusive examples of what may constitute adequate protection: (1) periodic cash payments equivalent to decrease in value; (2) an additional or replacement lien on other property; or (3) other relief that provides the indubitable equivalent. *See In re Curtis*, 9 B.R. 110, 111-12 (Bankr. E.D. Pa. 1981).

**Adequate Protection**

10. As explained in detail below, this Court should authorize the Debtor's use of Cash Collateral pursuant to Section 363 of the Code so that the Debtor can pay the expenses relating to the operation of the Debtor's business. City Bank's lien will be adequately protected by the fact that Cash Collateral will be used to pay for the ordinary and necessary expenses of maintaining and operating the Debtor's business, thereby preserving the value of the Debtor's assets (as well

as the interests of other creditors) and by the payment of $20,000 each month to City Bank, in addition to excess cash generated by the properties, if any.

11. The Debtor urgently needs access to Cash Collateral to pay for the ordinary and necessary expenses of maintaining the Debtor's assets. The expenses which Debtor must meet are those normally and reasonably incurred in operating its business and are set forth in the Budget attached hereto as Exhibit "C." The result of these expenditures will be a stable and continuous stream of Cash Collateral and the enhancement and preservation of the value of the Debtor's business, thus providing adequate protection to City Bank. *See In re McCombs Properties VI*, *supra*, 88 B.R. at 267 (finding that by committing cash collateral to pay operating expenses and to improve and maintain the property, the debtor has substantially eliminated the risk of diminution of the secured creditor's interest in the cash collateral); *In re T.H.B. Corp.*, 85 B.R. 192 (Bankr. D.Mass. 1988) (finding that adequate protection exists where stream of cash collateral will remain at an approximate even level over a sustained period with new proceeds replacing old).

12. Furthermore, if the Court does not authorize the use of Cash Collateral to meet ordinary expenses, the Debtor will be unable to pay such expenses. As a result, the Debtor would face the real possibility of being forced to cease operations and liquidate its properties.

**Request for Immediate Interim Relief**

13. Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests that this Court conduct a preliminary hearing on an expedited basis. The Debtor and its estate will suffer immediate and irreparable harm if it is not authorized to use the Cash Collateral immediately pending a final hearing.

14.     The Debtor further requests interim authorization to use such amounts necessary for the purposes of operating its business in the ordinary course until a Final Order granting such authority can be entered.

15.     As described herein and in the Budget attached hereto, the Debtor requires use of funds to meet its obligations and maintain its business operations.  The Debtor's failure to timely pay such items will force it to entirely close down its operations, which will result in immediate and irreparable harm to its estate.  Because the Debtor's request for interim authorization seeks the use of only that amount as is necessary to avoid immediate and irreparable harm to its estate pending a final hearing, its request complies with Bankruptcy Rule 4001(b)(2).

## Conclusion

16.     For the reasons set forth above, the Debtor respectfully requests that the Court enter an interim order authorizing the Debtor to use Cash Collateral during the Interim Period in accordance with, and subject to the limitations contained in, the Budget.  The Debtor also requests that the Court schedule a final hearing on the Debtor's request to use Cash Collateral after the Interim Period, also subject to the limitations contained in the Budget.

## Notice

17.     Notice of the hearing on the Motion and the proposed Cash Collateral Order have been provided (by hand delivery, E-mail, telecopy, overnight mail or courier) to counsel to (a) United States Trustee, (b) City Bank and its counsel, (d) any entity claiming an interest in the collateral, (e) the 20 largest unsecured creditors of the Debtor, (f) the governmental agencies required to be served pursuant to Bankruptcy Rule 2002(j), (h) all known secured creditors, and (i) all parties requesting notice pursuant to Bankruptcy Rule 2002(g).

WHEREFORE the Debtor respectfully requests that this Court enter an Order substantially in the form of the proposed order attached hereto (i) granting expedited approval of

Debtor's interim use of Cash Collateral pending a final hearing; (ii) setting a final hearing within 15 days after service of this Motion; and (iii) authorizing final use of Cash Collateral at that final hearing and grant such further relief as is just and proper.

**Dated: February 5, 2010.**

/s/     *Elizabeth C. Freeman*
John F. Higgins
State Bar No. 09597500
Elizabeth C. Freeman
State Bar No. 24009222
James Mathew Vaughn
State Bar No. 24028088
1000 Main, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (Facsimile)

**COUNSEL FOR MARHABA PARTNERS LIMITED PARTNERSHIP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to all parties listed on the attached Service List and by electronic transmission to all registered ECF users appearing in the case on February 5, 2010.

/s/     *Elizabeth C. Freeman*
Elizabeth C. Freeman