

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/17/2010

| | § | |
|---|---|---|
| In re: | § | |
| | § | |
| MARHABA PARTNERS LIMITED | § | Case No. 10-30227 |
| PARTNERSHIP | § | |
| | § | |
| Debtor. | § | (Chapter 11) |

### INTERIM ORDER (I) AUTHORIZING DEBTOR TO USE CASH COLLATERAL, (II) PROVIDING ADEQUATE PROTECTION AND GRANTING LIENS, SECURITY INTERESTS AND OTHER RELIEF TO CITY BANK, AND (III) SCHEDULING FINAL HEARING PURSUANT TO FED. R. BANKR. P. 4001(b)
[This pleading relates to Docket No. 31]

This matter came on for consideration upon the Expedited Motion for Interim and Final Orders Authorizing the Use of Cash Collateral (the "Motion") filed by Marhaba Partners Limited Partnership (the "Debtor") seeking, *inter alia*, authority for the Debtor (i) to use Cash Collateral (as defined below) on an interim basis, (ii) to provide adequate protection to City Bank, and (iii) to schedule a final hearing on the Motion pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(2).

Based upon the pleadings, evidence adduced by the parties, and representations of counsel, the Court hereby (i) grants the relief requested in the Motion to prevent immediate and irreparable harm to the Debtor's estate and to facilitate the reorganization of the Debtor's business and (ii) finds and ORDERS as follows:

1. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 1334 and 157, and consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (K), (M), and (O).

2. Sufficient and adequate notice of the Motion and the hearing thereon was provided pursuant to Federal Rules of Bankruptcy Procedure 2002, 4001(c), and 9006, BLR

4001 and as required by Sections 102, 361 and 363 of the Bankruptcy Code. No further notice of, or hearing on, the relief sought in the Motion is necessary or required unless a timely objection is filed.

3. The Debtor and City Bank assert that the City Bank's pre-petition claims are secured by perfected liens and security interests in two contiguous tracts of land with a small apartment complex situated on each property, located at 2320 McCue and 2306 McCue, Houston Texas, 77056, respectively (jointly referred to as the "McCue Property") and any and all proceeds, product, profits or offspring of the foregoing (the "Collateral"), all as more fully described in the City Bank Loan Documents.

4. Nothing contained herein constitutes a finding of fact or conclusion of law as to the amount, validity, enforceability, perfection, priority or allowance of City Bank's claims or liens to the Prepetition Collateral.

5. The Debtor shall account to City Bank on a monthly basis for all cash collateral (as that term is defined in the Bankruptcy Code) in which City Bank possesses an interest (the "Cash Collateral").

6. Without the use of Cash Collateral, the Debtor will not have the funds necessary to pay post-petition expenses of the Debtor's business. Thus, the Debtor requires the immediate use of Cash Collateral as provided herein.

7. The use of Cash Collateral is in the best interest of, and will benefit the Debtor, its creditors and its estate. The ability of the Debtor to operate its business and have any realistic prospect to reorganize depends upon the Debtor's ability to use Cash Collateral. The relief requested in the Motion is necessary, essential and appropriate for the preservation of the Debtor's estate and the operation of its business.

8.     Good, adequate, and sufficient cause has been shown to justify the granting of the relief requested herein. The use of Cash Collateral by the Debtor as set forth in this Cash Collateral Order will avoid immediate and irreparable harm to the Debtor, its estate and assets.

9.     Until the final hearing on the Motion, the Debtor may use Cash Collateral solely in accordance with the budget attached hereto as Exhibit "A" (the "Budget"). The Debtor shall not use or make any expenditures of Cash Collateral except as specifically authorized by the terms contained herein. Notwithstanding the foregoing, the Debtor may not use Cash Collateral to pay any reimbursements in excess of $100 to an employee or principal of the Debtor as provided in the Budget absent City Bank's approval. The Debtor shall provide City Bank with all back-up detail for any individual employee expense reimbursement in excess of $100. Absent a written objection by City Bank within five (5) business days of its receipt of such detail, the Debtor is authorized to pay the employee expense reimbursement. Should City Bank make written objection, then the Debtor is prohibited from using Cash Collateral to make payment of the employee expense reimbursement absent further Order of the Court.

City Bank is entitled to adequate protection of its interest, if any, in the Prepetition Collateral and the Cash Collateral under Section 363(e) of the Bankruptcy Code. As adequate protection of the interest, if any, of City Bank in the Prepetition Collateral and Cash Collateral, this Court grants City Bank first priority, perfected replacement liens and security interests in all post-petition Cash Collateral (the "Replacement Liens"). As further adequate protection, City Bank will be permitted to apply $20,000 each month against interest owed by the Debtor as reflected in the budget attached as Exhibit A or such greater amount if the Debtor's income exceeds the budgeted expenses on Exhibit A by more than $20,000.00. Additionally, if the

Debtor does not expend the $4,000 in expense reimbursement, City Bank shall receive the excess not expended by the Debtor."

10. The Debtor shall deliver to City Bank and its counsel, (i) on a monthly basis, a financial report consisting of the Debtor's balance sheet and income statement as of the end of such period, which financial reports shall be prepared in with generally accepted accounting principles; (ii) copies of all reports filed with the office of the United States Trustee within two (2) days after such filing; and (iii) a report of sources and uses for Cash Collateral expended and the difference between budgeted and expended Cash Collateral.

11. This Cash Collateral Order shall be sufficient and conclusive evidence of the priority, perfection and validity of the Replacement Liens upon the Debtor's property without the need for filing or recording any financing statements or other documents that may otherwise be required under Federal or state law in any jurisdiction.

12. The terms and provisions of this Cash Collateral Order and any actions taken pursuant hereto, shall survive entry of any order that may be entered (i) converting to Chapter 7 or dismissing the Debtor's case or (ii) confirming or consummating any plan of reorganization in the Debtor's case. The terms and provisions of this Cash Collateral Order as well as the priorities in payment, liens, and security interests granted pursuant to this Cash Collateral Order shall continue in any superseding case under the Bankruptcy Code of the Debtor.

13. The provisions of this Cash Collateral Order shall inure to the benefit of the Debtor and City Bank, and they shall be binding upon the Debtor, City Bank and their successors and assigns, including any trustees or other fiduciaries hereafter appointed as legal representatives of the Debtor or with respect to property of the estate of the Debtor, whether

under Chapter 11 of the Bankruptcy Code or any subsequent Chapter 7 case, and shall also be binding upon all creditors of the Debtor and other parties in interest.

14. The Debtor's counsel shall serve a copy of this Cash Collateral Order on all of the following parties: (i) the Office of the United States Trustee, (ii) the attorneys for City Bank, (iii) all creditors known to Debtor who may have liens against the Debtor's Cash Collateral, (iv) the United States Internal Revenue Service, (v) the 20 largest unsecured creditors of the Debtor, and (vi) all parties in interest who have filed a notice of appearance.

15. To the extent any findings may constitute conclusions, and *vice versa*, they are hereby deemed as such.

16. This Court hereby expressly retains jurisdiction over all persons and entities, co-extensive with the powers granted to the United States Bankruptcy Court under the Bankruptcy Code, to enforce the terms of this Cash Collateral Order and to adjudicate any and all disputes in connection therewith.

17. Nothing herein shall prevent City Bank from objecting to any future motion for interim or final use of cash collateral. Without limiting the foregoing, City Bank's consent to the use of cash collateral provided in this Interim Order is not an ongoing consent to the use of cash collateral for future months or on a final basis.

The Motion is approved and granted in all respects.

SIGNED this ___2-17___ 2010.

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

/s/      *Elizabeth C. Freeman*
John F. Higgins
State Bar No. 09597500
Elizabeth C. Freeman
State Bar No. 24009222
James Mathew Vaughn
State Bar No. 24028088
1000 Main, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (Facsimile)

**COUNSEL FOR MARHABA PARTNERS LIMITED PARTNERSHIP**

AND

/s/      *M. Andrew Stewart*
M. Andrew Stewart
Mullin Hoard & Brown, LLP
State Bar No. 24037554
1500 Broadway, Suite 700
Lubbock, Texas 79401
(806) 765-7491
(806) 765-0553 (Facsimile)

**COUNSEL FOR CITY BANK**

# EXHIBIT A

**Initial 30 Day Budget**

| | |
|---|---|
| electric | $ 7,500.00 |
| water | $ 2,950.00 |
| gas | $ 2,500.00 |
| adv | $ 400.00 |
| pool | $ 500.00 |
| cleaning/make ready | $ 3,500.00 |
| general maintainance | $ 6,000.00 |
| appliances | $ 1,100.00 |
| ins | $ 3,295.00 |
| carpet | $ 1,050.00 |
| garbage | $ 910.00 |
| phone | $ 165.00 |
| permits | $ 125.00 |
| mgt fee | $ 4,000.00 |
| lawn | $ 1,251.00 |
| pest | $ 275.00 |
| lease/late charge comm | $ 1,700.00 |
| maintaince person | $ 2,101.20 |
| office help | $ 900.00 |
| water treatment | $ 125.00 |
| Supplies | $ 640.00 |
| alarm | $ 20.00 |
| legal/accounting | $ 450.00 |
| City Bank | $20,000.00 |
| P&H | $10,000.00 |
| Utility Deposits | $ 5,389.50 |
| Bank Fees | $ 100.00 |
| Salary to David Lucyk | $12,000.00 |
| Expense Reimbursement | $ 4,000.00 |
| Accounting | $ 2,500.00 |
| Phone | $ 1,265.00 |
| Office Supplies | $ 100.00 |
| | **$96,811.70** |

1820195v1

8