UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MARHABA PARTNERS LIMITED PARTNERSHIP | § | Case No. 10-30227 |
| | § | |
| | § | |
| Debtor. | § | (Chapter 11) |

**EXPEDITED MOTION FOR (i) APPROVAL OF SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES UNDER 11 U.S.C. §§ 363(F); (ii) ORDER AUTHORIZING PAYMENT OF CERTAIN CLOSING EXPENSES AND FEES, AND (iii) WAIVER OF 14 DAY <u>STAY OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON <u>APRIL 26, 2010</u> AT <u>9:00AM</u> IN COURTROOM 403, UNITED STATES COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Karen K. Brown,
United States Bankruptcy Judge:**

Marhaba Partners Limited Partnership the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor") files this Expedited Motion for (i) Approval of Sale of Real Property Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. § 363(f); and (ii) Order Authorizing the Payment of Certain Closing Expenses and Fees.

## Nature of the Motion

1. The Debtor seeks approval to sell an approximate 2-acre tract of undeveloped land located in Waller County, Texas to Believer's World Outreach Church, Inc. or its assigns for $217,800. The sale will be made free and clear of all liens, claims, interests and encumbrances under 11 U.S.C. § 363(f). The Debtor also requests authority to pay certain debts, closing fees and expenses from the sales proceeds.

## Jurisdiction and Venue

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of these cases is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and (2).

## Background

3. On January 5, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or creditors committee has been appointed in the Debtor's case.

6. On the Petition Date, owned approximately 3,000 acres of land in numerous tracts in the Houston area which are in various stages of development, including 1,528 acres of undeveloped land located at Interstate Highway 10 and Woods Road in Waller County, Texas (the "Brookshire Tract"). A description of the Brookshire Tract is attached hereto as **Exhibit 1.**

7. The Debtor has received an offer from the Believer's World Outreach Church, Inc. (the "Purchaser") to purchase approximately two (2) acres (along with approximately 100 feet of frontage road) of the Brookshire Tract described as +/- 2 Acres with +/- 100 frontage on

Woods Road measured from the southeast corner of that certain 228.5 acre property owned by I/10/Woods, Ltd. (the "Property") for $217,800. The Tract is identified on the survey attached as **Exhibit 2**. A copy of the Commercial Contract – Unimproved Property between the Debtor and the Purchaser is attached as **Exhibit 3**. The Debtor has determined that the proposed sales price is a reasonable price and that the sale of the Property to the Purchaser should be approved.

8. The Brookshire Property is subject to the following liens and encumbrances:

   a. That certain Promissory Note dated July 28, 2006 by and between the Debtor and Texas State Bank, which is now BBVA Compass Bank ("Compass") in the original principal amount of $35,000,000 (the "Compass Note"). The Compass Note is secured by a Deed of Trust dated July 28, 2006 (the "Compass Deed of Trust"). As of the Petition Date, the Debtor owed Compass $20,812,465.97.

   b. That certain Promissory Note dated April 28, 2008 between the Debtor and Lasco McCue, Ltd. ("Lasco") in the original principal amount of $4,120,400 (the "Lasco Note"). The Lasco Note is secured by a Deed of Trust dated April 28, 2008 (the "Lasco Deed of Trust"). As of the Petition Date, the Debtor owed Lasco $4,625,000.

   c. That certain Forbearance Agreement dated November 2, 2009 between the Debtor and City Bank. City Bank is secured by a Deed of Trust, Security Agreement, Assignment of Leases and Rentals and Financing Statement dated November 2, 2009 (the "City Bank Deed of Trust").

   d. Claims for unpaid real property *ad valorem* taxes that may be asserted by Waller County and the City of Brookshire. The Debtor believes the outstanding property taxes to be approximately $25,000.

**Requested Relief and Authority**

9.      The Debtor requests that the Court approve the sale of the Property to the Purchaser free and clear of all liens, claims, interests and encumbrances, with such liens to attach to the sale proceeds.  In evaluating such a sale, a court must balance the need for flexibility with the concern of affected creditors.  *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989).  The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986).  Under the circumstances, the Debtor believes that the price to be paid by the Purchaser is a fair price and that a sale to the Purchaser is in the best interest of the estate and its creditors.

**Payment of Closing Expenses and Other Items**

10.     The Debtor requests authority to pay the estate's share of any closing expenses in connection with the sale.  These expenses include (i) the payment of a 6% brokerage commission to Virgil V. Mott, Jr. the Debtor's real estate broker; (ii) all outstanding *ad valorem* taxes (including those pro-rated for current year); and (iii) any miscellaneous expenses/charges incident to closing the sale.  All other proceeds will be held pending further Court order as required by the Bankruptcy Code.

**Request for Waiver of the 14 day Stay**

11.     The purchasers of the Property have demanded that the sale close not later than April 30, 2010.  The Debtor has been informed that if the closing does not occur by that date, the contract will be terminated.  Therefore, cause exists for the 14 day stay provided by Federal Rule of Bankruptcy Procedure 6004(h) to be waived.  The Debtor requests that the Court enter an order providing that the closing of the sale may occur immediately upon entry of this Order.

12. Accordingly, the Debtor requests that the Court (i) approve the sale of the Property free and clear of liens, claims, interests and encumbrances under 11 U.S.C. §§ 363(f) as set forth above; (ii) approve the payment of certain fees and expenses as set forth above; (iii) authorize the Debtor to execute all documents necessary to effectuate the sale; and (iv) grant the Debtor other just relief.

**Dated: April 19, 2010.**

/s/     *Elizabeth C. Freeman*
John F. Higgins
State Bar No. 09597500
Elizabeth C. Freeman
State Bar No. 24009222
1000 Main, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (Facsimile)

**COUNSEL FOR MARHABA PARTNERS LIMITED PARTNERSHIP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to all parties listed on the attached Service List and by electronic transmission to all registered ECF users appearing in the case, and also by e-mail to Michael Durrschmidt and Aaron Homer, counsel for Compass Bank, on April 19, 2010.

/s/   Elizabeth C. Freeman
Elizabeth C. Freeman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re: §
 §
MARHABA PARTNERS LIMITED § Case No. 10-30227
PARTNERSHIP §
 §
 Debtor. § (Chapter 11)

## ORDER
(Docket No. _____)

The Court has considered the Debtor's Motion for (i) Approval of Sale of Real Property Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. §§ 363(f); and (ii) Order Authorizing Payment of Certain Closing Expenses and Fees. The Court finds that (i) the proposed sale is in the best interest of the estate and its creditors; (ii) adequate notice of the proposed sale and the hearing to consider the sale has been given to all creditors and parties-in-interest; and (iii) the property should be conveyed free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f). Accordingly, it is

**ORDERED THAT:**

1. The Debtor's Motion for (i) Approval of Sale of Real Property Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. §§ 363(f); and (ii) Order Authorizing Payment of Certain Closing Expenses and Fees is **GRANTED**. The earnest money contract attached as **Exhibit 2** to the Motion is approved.

2. The Debtor is authorized to sell the following real property to the Believer's World Outreach Church, Inc. or its assigns (the "Purchaser") for a cash price of $217,800:

- +/- 2 Acres with +/- 100 frontage on Woods Road measured from the southeast corner of that certain 228.5 acre property owned by I/10/Woods, Ltd.

(the "Property").

3. Cause exists for the 14 day stay provided by Federal Rule of Bankruptcy Procedure 6004(h) to be waived. Closing of the sale may occur immediately upon entry of this Order. The Purchaser is entitled to possession of the Property at closing.

4. The Debtor is authorized to pay from the sale proceeds (i) the payment of a 6% brokerage commission to Virgil V. Mott, Jr. the Debtor's real estate broker; (ii) all outstanding *ad valorem* taxes (including those pro-rated for current year); and (iii) any miscellaneous expenses/charges incident to closing the sale.

5. The sale of the Property to the Purchaser shall be made free and clear of all liens, claims, interests and encumbrances, including all *ad valorem* tax liens for 2009 and prior years. The Property shall be conveyed free and clear of all such liens, claims, interests and

encumbrances regardless of whether such liens, claims, interests and encumbrances are paid/satisfied in full. All liens, claims, interests and encumbrances shall continue in the net sales proceeds to the same extent, validity and priority as they existed against the Property. Except for the foregoing and a special warranty of title, the Property shall be conveyed to the Purchasers "as is, where is" with no representation or warranty of any kind. All debris located on the Property shall be the responsibility of the Purchaser. The statutory lien for 2010 real property *ad valorem* taxes shall continue in full force and effect.

6. Upon the consummation of the sale, all persons holding any lien, claim, interest or encumbrance against or in the Debtor or the Property of any kind or nature whatsoever, including all taxing authorities, are forever barred from asserting, prosecuting or otherwise pursuing such lien, claim, interest or encumbrance against the Purchaser or the Property.

7. The Debtor is authorized to execute all documents necessary to effectuate the sale, including but not limited to a special warranty deed conveying all right, title and interest in and to the Property to the Purchaser.

8. Upon the Debtor's or Purchaser's request, any and all holders of any liens or encumbrances filed of public record or arising by statute, including *ad valorem* tax liens, are ordered to execute a release of such liens and encumbrances as, but only to the extent that, they affect the Property. If any person or entity that has filed financing statements, mortgages, mechanics liens, abstracts, *lis pendens* or other documents evidencing a lien, claim, interest or encumbrance in the Property shall not have delivered to the Debtor prior to the closing of the sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such liens, claims, interests or encumbrances, the filing or recording of a certified copy of this Order shall constitute conclusive evidence of the release of all liens, claims, interests or encumbrances in the Property.

9. The Court retains jurisdiction to the extent allowed by law to interpret and enforce the provisions of this Order and the transactions contemplated herein.

SIGNED this _____day of _____, 2010.

_____
**THE HONORABLE KAREN BROWN,**
**UNITED STATES BANKRUPTCY JUDGE**