UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARHABA PARTNERS LIMITED | § | CASE NO. 10-30227 |
| PARTNERSHIP, | § | (Chapter 11) |
| | § | |
| DEBTOR. | § | |

**COMPASS BANK'S OBJECTION TO MARHABA PARTNERS LIMITED PARTNERSHIP'S EXPEDITED MOTION FOR (i) APPROVAL OF SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES UNDER 11 U.S.C. § 363(F); (ii) ORDER AUTHORIZING PAYMENT OF CERTAIN CLOSING EXPENSES AND FEES, AND (iii) WAIVER OF 14 DAY STAY OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**
(Refers to Docket No. 58)

COMES NOW Compass Bank and files this its Objection to Marhaba Limited Partnership's Expedited Motion for (i) Approval of Sale of Real Property Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. § 363(F); (ii) Order Authorizing Payment of Certain Closing Expenses and Fees, and (iii) Waiver of 14 Day Stay of Federal Rule of Bankruptcy Procedure 6004(h) [Docket No. 59] (the "Motion") and would show the Court as follows:

1. The allegations of paragraph 1 of the Motion do not require a response, but for pleading purposes the allegations are denied.

2. Compass Bank admits the allegations of paragraph 2, 3, 4 and 5 of the Motion.

3. Compass Bank lacks sufficient knowledge to enable it to admit or deny the allegations of paragraphs 6 and 7 of the Motion.

4. Compass Bank admits that it is owed $22 million pursuant to the promissory note described in paragraph 8 and that the debt is secured by a lien on the Brookshire Trust among

other property. Except as admitted, Compass Bank lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 8 of the Motion.

5. Compass Bank denies the allegations of paragraphs 9, 10 and 11 of the Motion.

6. Compass Bank objects to the sale of this proposed tract because it is not adequately described; it may adversely affect the marketability of the remaining tract of land; it is property along the frontage which is the most visible and therefore most valuable and important to the remaining land behind it.

7. The Debtor must carry its burden to prove that the secured creditors will be adequately protected and that the price is the highest price obtainable. In that connection, this Debtor has no plan other than to hope for an equity infusion, a buyer or a new lender.

8. The Court should not authorize the payment of any fees or taxes.

9. The Court should not waive the 14 day stay. The Debtor could easily have brought this matter to the attention of the Court in a timely fashion. The contract was signed on or about March 12 and 22, 2010, yet the pleading was not filed until April 19, 2010. This Court should not allow and reward the Debtor's dilatory practices at the expense of its creditors.

10. A sale under 363(f) may only occur if:

    a. Applicable non bankruptcy law permits the sale,

    b. Compass Bank consents,

    c. the sale generates more value than the aggregate of all liens,

    d. there is a bona fide dispute as to Compass Bank's lien, or

    e. Compass Bank could be compelled.

11 U.S.C. § 363 (f). The Debtor cannot carry its burden because the Deed of Trust specifically requires Compass Bank's consent for any sale of the Bank's collateral. *See* Deed of Trust ¶9.

Compass Bank does not consent to the sale. The value of the sale proceeds will be substantially less than the aggregate of all liens. There is no bona fide dispute as to Compass Bank's claim or lien. *See* Debtor's Schedule D [Docket No. 10]. Compass Bank cannot be compelled to accept a money satisfaction for the partial release.

WHEREFORE, PREMISES CONSIDERED, Compass Bank requests that Marhaba Partners Limited Partnership's Expedited Motion for (i) Approval of Sale of Real Property Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. § 363(F); (ii) Order Authorizing Payment of Certain Closing Expenses and Fees, and (iii) Waiver of 14 Day Stay of Federal Rule of Bankruptcy Procedure 6004(h) be denied.

Respectfully submitted this 22nd day of April, 2010.

> HIRSCH & WESTHEIMER, P.C.
>
> By: /s/ Michael J. Durrschmidt
> Michael J. Durrschmidt
> Texas Bar No. 06287650
> 700 Louisiana, Floor 25
> Houston, Texas 77002
> Telephone: 713-220-9165
> Facsimile: 713-223-9319
> E-mail: mdurrschmidt@hirschwest.com

Counsel for Compass Bank

930505.20080535/752951.1

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of April, 2010, a copy of the foregoing Objection to Expedited Motion for (i) Approval of Sale of Real Property Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. § 363(F); (ii) Order Authorizing Payment of Certain Closing Expenses and Fees, and (iii) Waiver of 14 Day Stay of Federal Rule of Bankruptcy Procedure 6004(h) was served via first class mail, postage prepaid, to the parties listed on the attached service or via the Clerk of the Court through ECF.

                                               /s/   Michael J. Durrschmidt
                                               Michael J. Durrschmidt

Service List

| | |
|---|---|
| Marhaba Partners Limited Partnership<br>1499 Potomac<br>Houston, Texas 77057 | Elizabeth Carol Freeman<br>Porter & Hedges, LLP<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002 |
| Christine A March<br>Office of the US Trustee<br>515 Rusk, Suite 3516<br>Houston, Texas 77002 | Bank of Houston<br>750 Bering Drive, Suite 100<br>Houston, Texas 77057 |
| BBVA Compass Bank<br>c/o Hirsch & Westheimer, PC<br>700 Louisiana, Suite 2550<br>Houston, Texas 77002 | Central Bank<br>4605 Post Oak Drive, Suite 130<br>Houston, Texas 77027 |
| City Bank<br>10080 Bellaire, Suite 101<br>Houston, Texas 77072 | Fortune Lending Corporation<br>4610 Riverstone Bl., Suite 100<br>Missouri City, TX 77459 |
| Lasco McCue, Ltd<br>3301 Edlow Street, Suite 100<br>Houston, Texas 77027 | Memorial Hermann Hospital<br>9401 Southwest Freeway, Suite 1120<br>Houston, Texas 77074 |
| Taxease Funding LP<br>14901 Quorum Drive, Suite 900<br>Dallas, Texas 75254 | Trustmark National Bank<br>10497 Town & Country Way, Suite 860<br>Houston, Texas 77024 |
| A&S Engineers, Inc.<br>10377 Stella Link Rd<br>Houston, Texas 77025 | Allen Boone Humphries Robinson<br>3200 Southwest Freeway, Suite 2600<br>Houston, Texas 77027 |
| Ambrose Appraisal<br>16545 Village Drive, Building A<br>Jersey Village, TX 77040 | Espey Consultants, Inc.<br>4801 Southwest Parkway<br>Parkway 2, Suite 150<br>Austin, Texas 78735 |
| Jackson Walker LLP<br>1400 McKinney Street, Suite 1900<br>Houston, Texas 77010 | JAHO, Inc.<br>c/o Christian Smith & Jewell<br>2302 Fannin, Suite 500<br>Houston, Texas 77002 |
| Siemco Lawn<br>99 Island Bl<br>Missouri City, Texas 77459 | Terra Associates, Inc.<br>1445 N Loop West, Suite 450<br>Houston, Texas 77008 |

930505.20080535/752951.1

| | |
|---|---|
| Terracon Consultants, Inc.<br>18001 W 106th Street, Suite 300<br>Olathe, KS 66061 | Kurk T Nelson<br>McCormick Hancock & Newton<br>1900 West Loop South, Suite 700<br>Houston, Texas 77027 |
| J Grady Randle<br>Randle Law Office Ltd.<br>820 Gessner, Suite 1570<br>Houston, Texas 77024 | Howard Marc Spector<br>Spector & Johnson<br>12770 Coit Road, Suite 1100<br>Dallas, Texas 75251 |
| Trustmark National Bank<br>c/o Donald Turbyfill<br>4801 Woodway, Suite 420 – West<br>Houston, Texas 77056 | Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson<br>PO Box 3064<br>Houston, Texas 77253 |
| Owen M Sonik<br>Perdue Brandon Fielder Collins & Mott<br>1235 North Loop West, Suite 600<br>Houston, Texas 77008 | Lake Olympia Civic Association<br>c/o Sarah Vultaggio<br>9700 Richmond Avenue, No. 222<br>Houston, Texas 77042 |
| Michael W Bishop<br>Looper Reed & McGraw, PC<br>1601 Elm Street, Suite 4600<br>Dallas, Texas 75201 | William B Sing<br>Fulbright & Jaworski LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010 |
| Kirk Guilanshah<br>Memorial Hermann Hospital<br>929 Gessner, Suite 2620<br>Houston, Texas  77024 | Jim Hamilton<br>Ross Banks May Cron & Cavin<br>2 Riverway, Suite 700<br>Houston, Texas 77056 |
| Melissa Haselden<br>Hoover Slovacek LLP<br>5847 San Felipe, Suite 2200<br>Houston, Texas 77057 | David Langston<br>Mullin Hoard & Brown LLP<br>PO Box 2585<br>Lubbock, Texas 79408 |
| Jay W Hurst<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, Texas 78711 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355 0701 |

6