

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**04/29/2010**

| | | |
|---|---|---|
| In re: | § § § | |
| MARHABA PARTNERS LIMITED PARTNERSHIP | § § § § | Case No. 10-30227 |
| Debtor. | § | (Chapter 11) |

# ORDER
(Docket No. 58)

The Court has considered the Debtor's Motion for (i) Approval of Sale of Real Property Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. §§ 363(f); and (ii) Order Authorizing Payment of Certain Closing Expenses and Fees. The Court finds that (i) the proposed sale is in the best interest of the estate and its creditors; (ii) adequate notice of the proposed sale and the hearing to consider the sale has been given to all creditors and parties-in-interest; and (iii) the property should be conveyed free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f). Accordingly, it is

**ORDERED THAT:**

1. The Debtor's Motion for (i) Approval of Sale of Real Property Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. §§ 363(f); and (ii) Order Authorizing Payment of Certain Closing Expenses and Fees is **GRANTED**. The earnest money contract attached as **Exhibit 2** to the Motion is approved.

2. The Debtor is authorized to sell the following real property to the Believer's World Outreach Church, Inc. or its assigns (the "Purchaser") for a cash price of $217,800:

   - +/- 2 Acres with +/- 100 frontage on Woods Road measured from the southeast corner of that certain 228.5 acre property owned by I/10/Woods, Ltd.

as will be evidenced by a survey to be conducted on behalf of the Purchaser (the "Property").

3. Cause exists for the 14 day stay provided by Federal Rule of Bankruptcy Procedure 6004(h) to be waived. Closing of the sale may occur immediately upon entry of this Order. The Purchaser is entitled to possession of the Property at closing.

4. The Debtor is authorized to pay from the sale proceeds (i) the payment of a 6% brokerage commission to Virgil V. Mott, Jr. the Debtor's real estate broker; (ii) all outstanding *ad valorem* taxes due on the Brookshire Tract (including those due on the Property pro-rated for current year); and (iii) any miscellaneous expenses/charges incident to closing the sale. Twenty-five thousand dollars ($25,000) from the net proceeds of the sale will be deposited in an escrow account at Compass Bank for the payment of the 2010 ad valorem taxes. The remaining net

proceeds from the sale will be placed in an escrow account at Compass Bank pending further order of the Court.

5. The sale of the Property to the Purchaser shall be made free and clear of all liens, claims, interests and encumbrances, including all *ad valorem* tax liens for 2009 and prior years. The Property shall be conveyed free and clear of all such liens, claims, interests and encumbrances regardless of whether such liens, claims, interests and encumbrances are paid/satisfied in full. All liens, claims, interests and encumbrances shall continue in the net sales proceeds to the same extent, validity and priority as they existed against the Property. Except for the foregoing and a special warranty of title, the Property shall be conveyed to the Purchasers "as is, where is" with no representation or warranty of any kind. All debris located on the Property shall be the responsibility of the Purchaser. The statutory lien for 2010 real property *ad valorem* taxes shall continue in full force and effect and shall be the obligation of Purchaser.

6. The Debtor shall file with the court a notice (the "Notice") containing the metes and bounds description of the Property and shall provide to Compass bank's counsel a true and correct copy of the survey depicting the Property.

7. Upon the consummation of the sale, all persons holding any lien, claim, interest or encumbrance against or in the Debtor or the Property of any kind or nature whatsoever, including all taxing authorities, are forever barred from asserting, prosecuting or otherwise pursuing such lien, claim, interest or encumbrance against the Purchaser or the Property.

8. The Debtor is authorized to execute all documents necessary to effectuate the sale, including but not limited to a special warranty deed conveying all right, title and interest in and to the Property to the Purchaser.

9. Upon the Debtor's or Purchaser's request (but no sooner than five (5) business days after the filing of the Notice), any and all holders of any liens or encumbrances filed of public record or arising by statute, including *ad valorem* tax liens, are ordered to execute a release of such liens and encumbrances as, but only to the extent that, they affect the Property. If any person or entity that has filed financing statements, mortgages, mechanics liens, abstracts, *lis pendens* or other documents evidencing a lien, claim, interest or encumbrance in the Property shall not have delivered to the Debtor prior to the closing of the sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such liens, claims, interests or encumbrances, the filing or recording of a certified copy of this Order shall constitute conclusive evidence of the release of all liens, claims, interests or encumbrances in the Property.

10. The Court retains jurisdiction to the extent allowed by law to interpret and enforce the provisions of this Order and the transactions contemplated herein.

SIGNED this __29th__ day of __April__, 2010.

THE HONORABLE KAREN BROWN,
UNITED STATES BANKRUPTCY JUDGE

2

/s/ *Elizabeth C. Freeman*
PORTER & HEDGES, LLP
John F. Higgins
State Bar No. 09597500
Elizabeth C. Freeman
State Bar No. 24009222
1000 Main, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (Facsimile)

**COUNSEL FOR MARHABA
PARTNERS LIMITED PARTNERSHIP**

**and**

By: /s/ Michael J. Durrschmidt
HIRSCH & WESTHEIMER, P.C.
Michael J. Durrschmidt
Texas Bar No. 06287650
700 Louisiana, Floor 25
Houston, Texas 77002
Telephone: 713-220-9165
Facsimile: 713-223-9319

COUNSEL FOR COMPASS BANK