IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| MARHABA PARTNERS LIMITED PARTNERSHIP. | § § § | Case No. 10-30227 |
| | § | |
| Debtor. | § | Chapter 11 |

### LIMITED OBJECTION TO DEBTOR'S
### PLAN OF REORGANIZATION DATED AUGUST 9, 2010

**TO THE HONORABLE KAREN BROWN, United States Bankruptcy Judge:**

Humble Independent School District (the "District"), a creditor and party in interest in this bankruptcy case respectfully appears now before the Court to object to the Debtor's Plan of Reorganization Dated August 9, 2010 (doc. no. 100) (the "Plan") filed by Marhaba Partners Limited Partnership (the "Debtor"), stating as follows:

### I.  FACTUAL BACKGROUND

1. The Debtor's bankruptcy petition was filed on January 5, 2010 (the "Petition Date"), thus commencing the above-referenced bankruptcy case.

2. The Debtor filed its Disclosure Statement Under 11 U.S.C. § 1125 in Support of Debtor's Plan of Reorganization Dated May 15, 2010 (doc. no. 76) (the "Disclosure Statement"), seeking creditor and Court approval of its Disclosure Statement and the proposed plan of reorganization it purports to describe, the Debtor's Plan of Reorganization (doc. no. 77) (the "Plan").

3. On July 1, 2010, the District filed a Proof of Claim within the 180 day period after the date of the order for relief as prescribed for governmental entities by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3002(c)(1).

4. The District's Proof of Claim was based on a contract for the purchase by the District of land from the Debtor for development as a school site (the "Contract"). The Contract imposed certain post-closing development obligations on the Debtor including the construction of three (3) roadways to service the school site. The parties also entered into a Road Access Easement and Construction Agreement on or about September 21, 2005 at the time of the closing of the purchase and sale transaction under the Contract (the "Agreement"). Under the Contract and corresponding Agreement, the Debtor, at its sole expense, was to design, develop, and construct the roadways to the school site. The Agreement further provided that all construction on the roadways would be constructed by April 31 (sic), 2009. Roadway 2 was to adjoin the District's 67 acre property in the northeast quadrant and traverse to the Beltway 8 service road ("Roadway 2"). Although the Debtor commenced construction on Roadway 2 in 2009, construction stopped prior to the Petition Date. On information and belief, the contractor and design consultants on this project ceased work for non-payment prior to the petition date. Although the schedules and statements filed by the Debtor identify the contractor, JAHO Contractors, and design consultants, Terra Associates, Inc., as creditors, the Debtor has not identified its underlying obligations to the District in the papers that have been filed in this chapter 11 case.

5. The Disclosure Statement made no reference whatsoever to the Debtor's obligations to the District under the Contract and Agreement, or the Debtor's proposed treatment of the Contract and/or Agreement. The District thus filed an objection to the Disclosure Statement on July 14, 2010 (doc. no. 88). Subsequently, the Debtor agreed to include the following language in the Disclosure Statement:

> On September 21, 2005, Marhaba entered into a Road Access Easement and Construction Agreement with Humble Independent School District

> (the "Agreement"). A Road Access Easement Agreement was recorded in the deed records of Harris County, Texas and Marhaba believes the obligations thereunder run with the land. Under the terms of the Agreement, Marhaba is to design, develop and construct three roadways designated as roadways 2, 3 and 4 on Exhibit C to the Agreement. The design of the roadway was completed and construction commenced. However, work ceased when Marhaba did not have the funds to pay the design consultant, Terra Associates, Inc. ("Terra"), and the general contractor, JAHO Incorporated ("JAHO"). JAHO and Terra had filed mechanic's liens against the property and Marhaba does not contest the amount claimed as owed by each, respectively, or the validity of those liens. Marhaba intends to assume the Agreement and complete the roadways and satisfy the lien claims of JAHO and Terra upon the Effective Date. Marhaba will, within its power, execute any necessary documents required by Humble ISD to ensure completion of the roadway and to ensure that such obligations run with the land.

Disclosure Statement, as amended (doc. no. 99), § H.

6. In addition, the District and the Debtor agreed to include the following language in the Plan:

> (a)  Road Access Easement and Construction Agreement with Humble ISD.
> Marhaba intends to assume the Road Access Easement and Construction Agreement and complete the roadways and satisfy the lien claims of JAHO and Terra upon the Effective Date. Marhaba will, within its power, execute any necessary documents required by Humble ISD to ensure completion of the roadway and to ensure that such obligations run with the land.

Plan, § 10.1(a).

7. The District subsequently sent the Debtor the following language to be inserted into a proposed Order confirming the Plan (the "<u>Confirmation Order Language</u>"):

> Marhaba, and any person or entity succeeding Marhaba in the ownership of the Marhaba Tract (the "Marhaba Tract Owner") shall, at the Marhaba Tract Owner's sole cost and expense, have the obligation to construct, maintain, repair and replace a two-lane roadway access drive, paving, curbing, gutters and other related access drive improvements upon, over, under and across the portion of the Easement Area referred to as "Roadway No. 2" in the Easement Agreement (and depicted on the Street Plat attached to the First Amendment) or cause the same to be performed by any governmental authority accepting a dedication of such

roadway, on or before March 1, 2011. In the event that Roadway No. 2 has not been constructed by the Marhaba Tract Owner across the Marhaba Tract on or before March 1, 2011, The District shall have the right upon ten (10) days prior written notice to perform all of the obligations of the Marhaba Tract Owner under subparagraph (a), and the Marhaba Tract Owner shall reimburse the District for the actual costs thereof incurred by the District within thirty (30) days following the District's presentation of an invoice therefor; and it is further

Ordered, that the Second Amendment to Road Access Agreement is hereby approved, and the Debtor hereby directed to execute and file the executed Second Amendment to Road Access Agreement as a Plan supplement within ten (10) days of the entry of this Order.

8. Together with the Confirmation Order Language, the District sent the Debtor a Second Amendment to Road Access Agreement (the "Second Amendment", attached hereto as **Exhibit A**). The Confirmation Order Language and Second Amendment were intended to implement § 10.1(a) of the Plan.

9. The Debtor has not indicated to the District its willingness to include the Confirmation Order Language and/or to execute the Second Amendment.

## II.  OBJECTION

10. Under § 1123(5) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), a plan shall provide adequate means for the plan's implementation. 11 U.S.C.§ 1123(5). As the Debtor has not indicated that it will execute the Second Amendment and insert the Confirmation Order Language into a proposed Order to be filed with the Court, the District cannot be assured of whether or how the Debtor plans to implement the provisions of § 10.1(a). Accordingly, the District hereby objects to the Plan on the limited basis stated herein.

## III.  CONCLUSION

WHEREFORE, premises considered, Humble Independent School District respectfully requests that the Court deny approval of Plan absent modifications to the Plan sufficient to

address the objections stated herein, and that this Court grant Humble Independent School District any other legal or equitable relief to which it may be entitled.

Respectfully submitted,

                              **BRACEWELL & GIULIANI LLP**

                      By:   */s/ William A. (Trey) Wood III*
                           William A. (Trey) Wood III
                           Texas Bar No. 21916050
                           Trey.Wood@bgllp.com
                           Jason G. Cohen
                           Texas Bar No. 24050435
                           Jason.Cohen@bgllp.com
                           Laura L. Venta
                           Texas Bar No. 24070794
                           Laura.Venta@bgllp.com
                           711 Louisiana, Suite 2300
                           Houston, Texas 77002
                           Telephone:    (713) 223-2300
                           Facsimile:     (713) 221-1212

**ATTORNEYS FOR HUMBLE INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all parties via electronic means as listed on the court's ECF noticing system and on the parties listed on the attached service list by U.S. First class mail, on this 25th day of August, 2010.

                                  */s/ Laura L. Venta*
                                  Laura L. Venta

# EXHIBIT A

**SECOND AMENDMENT TO ROAD ACCESS EASEMENT AGREEMENT**

This SECOND AMENDMENT TO ROAD ACCESS EASEMENT AGREEMENT ("<u>Amendment</u>") is executed as of the date set forth below by and between MARHABA PARTNERS LIMITED PARTNERSHIP, a Texas limited partnership ("<u>Marhaba</u>"), successor in interest to LASCO Spring Trace Retail Partners, Ltd., a Texas limited partnership ("<u>Lasco</u>"), whose address for all purposes is 1499 Potomac, Houston, Texas 77057 and HUMBLE INDEPENDENT SCHOOL DISTRICT ("<u>District</u>"), whose address for all purposes is 20200 Eastway Village Dr., Humble, Texas 77338.

RECITALS:

A.    Lasco and Grantee entered into that certain Road Access Easement Agreement dated September 21, 2005, and recorded in the real property records of Harris County, Texas, under Clerk's File No. Y780913 (the "<u>Original Easement</u>"), as amended by that certain Amendment to Road Access Easement Agreement dated May 15, 2009, and recorded in the real property records of Harris County, Texas, under Clerk's File No. 20090241716 (the "<u>First Amendment</u>", and the Original Easement, as so amended is referred to herein as the "<u>Easement Agreement</u>")

B.    Marhaba has succeeded to all right, title and interest of Lasco under the Easement Agreement and is the owner of the entirety of the Lasco Tract (as descried in the Easement Agreement), and Marhaba and the District wish to further clarify the terms and conditions of the Easement Agreement upon the terms and conditions set forth herein.

AGREEMENT

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1.    <u>Defined Terms</u>.  All capitalized terms used herein and not otherwise defined shall have the meanings given to those terms in the Easement Agreement.

2.    <u>Amendments to Easement Agreement</u>.  Notwithstanding anything in the Easement Agreement to the contrary, effective as of the date of this Amendment, the Easement Agreement is hereby amended as follows:

(a)    Marhaba and the District acknowledge and agree that the Street Plat, as described in the First Amendment, was not filed of record and the public dedication of the same was not accepted by the County.  Accordingly, Section 1 of the First Amendment is hereby deleted in its entirety and of no further force or effect.

(b)    In order to clarify Marhaba's obligations under the Easement Agreement, the parties agree that Marhaba shall, at Marhaba's sole cost and expense, have the obligation to construct, maintain, repair and replace a two-lane roadway access drive, paving, curbing, gutters and other related access drive improvements upon, over, under and across the portion of the Easement Area referred to as "roadway No. 2" in the

Easement Agreement (and depicted on the Street Plat attached to the First Amendment) (referred to herein as "Roadway No. 2"), or cause the County to perform the same, on or before March 1, 2011.

(c) In the event that Roadway No. 2 has not been constructed across the Lasco Tract by Marhaba on or before March 1, 2011, The District shall have the right upon ten (10) days prior written notice to perform all of the obligations of Marhaba under subparagraph (a), and Marhaba shall reimburse the District for the actual costs thereof incurred by the District within thirty (30) days following the District's presentation of an invoice therefor.

3. Successors and Assigns. The Easement Agreement, as amended hereby, shall run with the land and be binding upon and shall inure to the benefit of the District and Marhaba and their respective successors and assigns, including without limitation Section 2 of this Amendment.

4. No Further Amendments; Conflicts. Except to the extent amended by this Amendment, the Easement Agreement is hereby ratified and confirmed by the parties and shall remain in full force and effect as written. In the event of any conflict between the terms of the Easement Agreement and this Amendment, the terms of this Amendment shall control.

5. Counterparts. This Amendment may be executed in multiple counterparts, each of which shall be an original, but all of which shall together constitute but one Amendment.

*[Signature Page Follows]*

EXECUTED as of _____, 2010.

<u>MARHABA</u>:

MARHABA PARTNERS LIMITED PARTNERSHIP
a Texas limited partnership

By: _____
      _____
      its General Partner

By:_____
Name:_____
Title:_____

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

This instrument was acknowledged before me on this \_\_\_ day of _____, 2010, by _____, the _____ of _____, the General Partner of MARHABA PARTNERS LIMITED PARTNERSHIP, a Texas limited partnership on behalf of said limited partnership.

_____
Notary Public in and for the State of Texas
Printed Name:_____
My Commission Expires:_____

**DISTRICT:**

HUMBLE INDEPENDENT SCHOOL DISTRICT

By:_____
Name:_____
Title:_____

STATE OF TEXAS           §
                         §
COUNTY OF HARRIS         §

  This instrument was acknowledged before me on this ___ day of _____, 2010, by _____, the _____ of HUMBLE INDEPENDENT SCHOOL DISTRICT, on behalf of said school district.

_____
Notary Public in and for the State of Texas
Printed Name:_____
My Commission Expires:_____

HOUSTON\2409673.1

## SERVICE LIST

Marhaba Partners Ltd.
1499 Potomac
Houston, Texas 77057

U.S. Attorneys Office
Southern District
Donald J. Degabrielle, Jr.
PO Box 61129
Houston, TX 77208-1129

Christine Marsh
Office of the US Trustee
515 Rusk St, Ste 3516
Houston, TX 77002

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Internal Revenue Service
1919 Smith Street
Stop 5022 HOU
Houston, TX 77002

Securities Exchange Commission
Attn: Angela D. Dodd
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604-2908

State of Texas Comptroller
PO Box 149348
Austin, TX 78714-9348

Trustmark National Bank
10497 Town & Country Way, Suite 860
Houston, TX 77024

Bank of Houston
750 Bering Drive, Suite 100
Houston, TX 77057

BBVA Compass Bank
c/o Hirsch & Westheimer, P.C.
700 Louisiana Street, 25th Floor
Houston, TX 77002

Central Bank
4605 Post Oak Drive, Suite 130
Houston, TX 77027

City Bank
10080 Bellaire Bl., Suite 101
Houston, TX 77072

Fortune Lending Corporation
4610 Riverstone Bl.. Suite 100
Missouri City, TX 77459

Lasco McCue, Ltd.
3301 Edloe Street, Suite 100
Houston, TX 77027

Memorial Herman Hospital
9401 Southwest Freeway, #1120
Attn: Kirk Gullanshah
Houston, TX 77074

A&S Engineers, Inc.
10377 Stella Link Rd.
Houston, TX 77025-5445

Allen Boone Humphries Robinson
3200 Southwest Freeway, Suite 2600
Houston, TX 77027

Ambrose Appraisal
16545 Village Drive, Building A
Jersey Village, TX 77040

Espey Consultants, Inc.
4801 Southwest Parkway
Parkway 2, Suite 150
Austin, TX 78735

Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010

JAHO, Inc.
c/o Christian Smith & Jewell
2302 Fannin, Suite 500
Houston, TX 77002

Siemco Lawn
99 Island Bl.
Missouri City, TX 77459

| | |
|---|---|
| Terra Associates, Inc.<br>1445 N. Loop West, Suite 450<br>Houston, TX 77008 | Bank Direct Capital Finance<br>Two Conway Park<br>Lake Forest, IL 60045 |
| Terracon Consultants, Inc.<br>18001 W. 106th Street, Suite 300<br>Olathe, KS 66061 | Brothers Plumbing<br>14168 Mott Lane<br>Splendora, TX 77372 |
| Jay W. Hurst<br>Assistant Attorney General Bankruptcy &<br>Collections Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 | Centerpoint Energy<br>P.O. Box 4981<br>Houston, TX 77210-4981<br><br>CenterPoint Energy<br>P.O. Box 2628<br>Houston, TX 77252 |
| David Langston<br>Mullin Hoard & Brown, L.L.P.<br>P.O. Box 2585<br>Lubbock, TX 79408-2585 | City of Houston<br>P.O. Box 1560<br>Houston, TX 77251 |
| Melissa A. Haselden<br>Hoover Slovacek LLP<br>5847 San Felipe, Suite 2200<br>Houston, Texas 77057 | Envirocare Services, LLC<br>P.O. Box 590051<br>Houston, TX 77259-0051 |
| Jim D. Hamilton<br>Anthony F. Sullivan<br>Ross, Banks, May, Cron & Cavin, P.C.<br>2 Riverway, Suite 700<br>Houston, TX 77056 | Fantastic Floors, Inc.<br>P.O. Box 800727<br>Houston, TX 77280-0727<br><br>Hillview Landscaping<br>P.O. Box 460665<br>Houston, TX 77056 |
| William B. Sing<br>Johnathan C. Bolton<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095 | Home Depot Credit Service<br>P.O. Box 6029<br>The Lakes, NV 88901-6029 |
| Michael W. Bishop, Esq.<br>Kevin McInnis, Esq.<br>LOOPER REED & McGRAW, P.C.<br>1601 Elm Street, Suite 4600<br>Dallas, Texas 75201 | Houston Lock & Mailboxes<br>PO Box 25264<br>Houston, TX 77265<br><br>Intercontinental Service<br>1503 Carriage Hill Bl.<br>Conroe, TX |
| Michael J. Durrschmidt<br>Hirsch & Westheimer, P.C.<br>Bank of America Center, 25th Floor<br>700 Louisiana<br>Houston, Texas 77002-2728 | Ken Mor Electric L.P.<br>2306 McCue Road, $104<br>Houston, TX 77056 |
| AT&T<br>P.O. Box 930170<br>Dallas, TX 75393 | Master Care Gardens<br>P.O. Box 771592<br>Houston, TX 77215-1592 |

National Extra Effort Payphones
9422 Hammerly
Houston, TX 77080

Office Depot Credit Plan
P.O. Box 689010
Des Moines, IA 50368-9020

P/PM Services
1009 Louisiana Ave.
South Houston, TX 77587

Redi Carpet
P.O. Box 973915
Dallas, TX 75397-3915

Reliant Energy
P.O. Box 650475
Dallas, TX 75265-0475

StarTex Power
P.O. Box 4802
Houston, TX 77210-4802

The Envirotrol Company, Inc.
806 Beltline
Grand Prairie, TX 75050

Tom Logan
2320 McCuew #14
Houston, TX 77056

Value Technologies
14306 Summerwood Lakes Drive
Houston, TX 77044

Waste Management of Texas, Inc.
1901 Afton Street
Houston, TX 77055-2203

Lake Olympia Civic Association
c/o Sarah Vultaggio
9700 Richmond Avenue, #222
Houston, TX 77042

Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

Donald L. Turbyfill
Devlin, Naylor & Turbyfill, P.L.L.C.
4801 Woodway, Suite 420 – West
Houston, TX 77056-1805

Owen Sonik
PERDUE, BRANDON, FIELDER,
COLLINS, & MOTT, L.L.P.
1235 North Loop West, Suite 600
Houston, Texas 77008

Stephen Ray Smith
Christian Smith & Jewell, LLP
2302 Fannin, Ste. 500
Houston, TX 77002

Howard Marc Spector
Spector & Johnson, PLLC
12770 Coit Road, Suite 1100
Dallas, TX 75251

J. Grady Randle
Randle Law Office Ltd., L.L.P.
820 Gessner, Suite 1570
Houston, TX 77024

American Express Bank, FSB
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355 0701

Angela K. Lutz
Tina Kyle Livingston
Allen Boone Humphries Robinson LLP
3200 Southwest Freeway, Suite 2600
Houston, TX 77027

Kurt T. Nelson
McCormick Hancock & Newton
1900 West Loop South, Suite 700
Houston, TX 77027

Robert J. French
Law Offices of Robert J. French, P.C.
9337 Katy Freeway, No. 334
Houston, TX 77024

The Sovereign Group, Inc.
DBA Advaloremtax.net
811 Bradford Ave. Suite 4A
Kemah, TX 77565

Fort Bend Independent School District
1317 Eugene Heimann Circle
Richmond, TX 77469

Sheldon Independent School District
11411 C E King Pkwy #A
Houston, TX 77044

Humble Independent School District
P.O. Box 4020
Houston, TX 77210

San Jacinto Community College District
c/o Daniel J. Snooks
11550 Fuqua, Suite 370
Houston, TX 77034

Reliant Energy Retail Services, LLC
P.O. Box 1046
Houston, TX 77251-9995

City of Brookshire
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
P.O. Box 3064
Houston, TX 77253

Texas Commission on Environmental Quality
MC 132 – Bankruptcy Program
P.O. Box 13087
Austin, TX 78711-3087

LJA Engineering and Surveying, Inc.
2929 Briarpark Drive, Suite 600
Houston, TX 77042

Waller County
Law Offices of Henry G. Steen Jr., P.C.
Steen Building, Suite 306
3001 N. Lamar Blvd.
Austin, TX 78705