IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-30227-H5-11 |
| | § | |
| MARHABA PARTNERS, L.P., | § | |
| Debtor. | § | CHAPTER 11 |

**TRUSTMARK NATIONAL BANK's OBJECTION
TO CONFIRMATION OF DEBTOR'S PLAN FOR REORGANIZATION**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, TRUSTMARK NATIONAL BANK ("Trustmark"), creditor and party in interest by and through its attorney, and for its Objection to Confirmation of Debtor's Plan of Reorganization filed by MARHABA PARTNERS, L.P. ("Debtor") would respectfully show the Court as follows:

1.  Debtor filed a Petition for Relief under Title 11, Chapter 11 of the United States Bankruptcy Code on January 5, 2010.

2.  On August 9, 2010, Debtor filed its Amended Plan for Reorganization ("Amended Plan") (Docket No. 100).

3.  Trustmark filed its proof of claim in this matter on May 6, 2010 in the sum of $8,430,403.64.

4.  Trustmark's claims in this matter relate to a Revolving Line of Credit Note ("Note") executed by Debtor on or about November 20, 2007 where Debtor promised to pay the sum of $8,500,000.00, plus a variable rate of interest on the unpaid principal balance.  Debtor agreed to pay

the entire unpaid balance of principal and interest on or before eighteen months from the date of the Note.

5. On November 20, 2007, to further secure payment of the Note, and to induce Trustmark to make the loan to Debtor, Debtor executed an instrument captioned, "Deed of Trust and Security Agreement" ("Deed of Trust"), granting to Trustmark lien upon real property owned by Debtor, described as:

> Of 281.0977 Acres or 12,244,615 Square Feet of land being all of that certian 281.0977 acre tract of land conveyed from SPRING TRACT ASSOCIATES LIMITED to MARHABA PARTNERS LIMITED PARTNERSHIP by a deed recorded under Clerk's File No. Y879036, of the Deed Records of Harris County, Texas (H.C.D.R.), lying in the VICTOR BLANCO FIVE LEAGUE GRANT, Abstract No. 2, near Humble, in Harris County, Texas.

6. The Deed of Trust specifically secures payment of the Note, with all renewals, rearrangements, extensions and/or modifications of the Note, and further secures

    a. All other sums of money which may be hereafter paid or advanced by or on behalf of Trustmark under the terms and provisions of the Deed of Trust;

    b. Any additional loans made by Trustmark to Debtor; and

    c. Any and all other indebtedness, obligations and liabilities of any kind of the Debtor to Trustmark, now or hereafter existing, absolute or contingent, joint and/or several, secured or unsecured, due or not due, arising by operation of law or otherwise, or direct or indirect, including indebtedness, obligations and liabilities to Beneficiary . . . whether incurred by the Debtor as principal, surety, endorser, guarantor, accommodation party or otherwise . . . .

7. Trustmark objects to Debtor's Amended Plan in that it does not provide adequate means for its execution. In Debtor's Amended Plan, Debtor states that "Debtor shall, no later than December 31, 2010, pay to Trustmark the full amount of the Trustmark Note, including post-petition

interest at the contract rate, late charges and other reasonable charges due and payable under the Note." (Amended Plan at p. 14.).

8. A debtor's plan of reorganization shall contain adequate provisions for the plan's implementation. 11 U.S.C. § 1123. The debtor bears the burden of proof to show that the plan is feasible. *In re M&S Assoc., Ltd.*, 138 B.R. 845, 848 (Bankr. W.D.Tex. 1992). The debtor must show, by a preponderance of the evidence, that confirmation of the plan is not likely to be followed by the liquidation, or the need of further financial reorganization of the debtor or any successor to the debtor under the plan. 11 U.S.C. § 1129(a)(11).

9. The court must scrutinize a reorganization plan to determine whether it is feasible, which requires determining the probability of actual performance of the provisions of the plan and whether the things to be done under the plan can be done as a practical matter under the facts. *In re M&S,* 138 B.R. at 849.

10. Courts consider the following factors in conducting a feasibility analysis: (1) the adequacy of the debtor's capital structure; (2) the earning power of the debtor's business; (3) economic conditions; (4) the ability of the debtor's management; and (5) the probability of continuation of the same management. *In re Guilford Telecasters*, 128 B.R. 622, 627 (Bankr. M.D.N.C. 1991).

11. Debtor's Amended Plan provides no facts nor any data regarding Debtor's capital structure, Debtor's earning power, economic conditions, the ability of the Debtor's management, or the probability of continuation of the same management.

12. Debtor provides no factual information whatsoever as to how it intends to implement its proposed Amended Plan.

13. Not only does the Plan fail to provide any meaningful assurances that confirmation of the Plan is not likely to be followed by liquidation, the Plan is *predicated upon liquidation* not later than December 31, 2010, unless there is an equity contribution from some undefined source, or unless an "extension or modification" (i.e., further financial reorganization) is negotiated by the Debtor with the various secured creditors, including Trustmark. There is no reorganization in the Debtor's Plan, only a delay of the relief from stay that will follow the inevitable conversion or dismissal of this Chapter 11 case.

14. Thus, Debtor's Amended Plan fails to provide adequate provisions as required under 11 U.S.C. § 1123 and § 1129(a)(11) and this Court should not approve the Amended Plan.

WHEREFORE, PREMISES CONSIDERED, TRUSTMARK NATIONAL BANK, creditor and party in interest herein, moves that this Court deny the approval of Debtor's Amended Plan for Reorganization, and that Trustmark have such other further relief, legal and equitable, to which it may be justly entitled.

Respectfully submitted this 25TH day of August, 2010.

    */s/ Deborah C. S. Riherd*
DONALD L. TURBYFILL
State Bar of Texas # 20296380
DEBORAH C. S. RIHERD
State Bar of Texas # 24038904
4801 Woodway, Suite 420 West
Houston, Texas 77056-1805
(713) 622-8338 (Phone)
(713) 586-7053 (Fax)
dturbyfill@dntlaw.com (E-mail)
ATTORNEYS FOR CREDITOR
AND PARTY IN INTEREST
TRUSTMARK NATIONAL BANK

## CERTIFICATE OF SERVICE

I, DEBORAH C. S. RIHERD, certify that on the 25TH day of August, 2010, I served a copy of the foregoing Trustmark National Bank's Objection to Confirmation of Debtor's Plan of Reorganization **BY FIRST CLASS U.S. MAIL, POSTAGE PREPAID, BY ECF NOTICING, OR ELECTRONIC MAIL, AND/OR BY FACSIMILE**, upon the parties listed below, as follows:

**(1) Counsel for Debtor (via ECF or e-mail and by facsimile):**
Elizabeth Carol Freeman
Porter & Hedges, L.L.P.
1000 Main Street, 36TH Floor
Houston, Texas 77002
(713) 226-6631 [PHONE]
(713) 226-6231 [FACSIMILE]
efreeman@porterhedges.com [E-MAIL]
ATTORNEY FOR DEBTOR

**(2) Debtor (by regular first class mail)**
Marhaba Partners, L.P.
1499 Potomac
Houston, Texas 77057

**(3) 20 Largest Unsecured Creditors (by regular first class mail)**
SEE ATTACHED EXHIBIT "A"

**(4) Parties Requesting Service (via ECF or e-mail)**

**(5) The United States Trustee (via ECF or e-mail)**

Christine A. March
Office of U.S. Trustee
515 Rusk Ave., Suite 3516
Houston, Texas 77002
(713) 718-4650, ext. 239 [PHONE]
(713) 718-4570 [FACSIMILE]
christine.a.march@usdoj.gov [E-MAIL]
UNITED STATES TRUSTEE

                                                  */s/ Deborah C. S. Riherd*
                                                  DEBORAH C. S. RIHERD