# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Marhaba Partners Limited Partnership, | § | Case No. 10-30227-11 |
| | § | |
| *Debtor.* | § | |
| | § | |

## OBJECTION OF CITY OF BROOKSHIRE, FORT BEND COUNTY AND HARRIS COUNTY TO DEBTOR'S AMENDED PLAN OF REORGANIZATION

**To the Honorable Karen K. Brown,
Chief United States Bankruptcy Judge:**

NOW COME City of Brookshire, Fort Bend County and Harris County (the "Taxing Authorities"), secured creditors in the above-numbered and styled bankruptcy case, and file this objection to the Debtor's Amended Plan of Reorganization (the "Plan"). In support of their objection, the Taxing Authorities would show the Court as follows:

I.

The Taxing Authorities are political subdivisions of the State of Texas.

II.

The Taxing Authorities hold claims for delinquent property taxes for the 2009 tax year on Debtor's real property. Further, the Taxing Authorities hold claims for accrued but unpaid 2010 ad valorem taxes. These property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, liquidated secured claims against the Debtor's property entitled to priority over other secured claims under 11 U.S.C.. § 506.

The laws of the State of Texas, Property Tax Code, §32.05(b), give the tax liens securing the property taxes superiority over the lien of any other claim or lien against this property. The Taxing Authorities' claims are for *ad valorem* taxes assessed against the Debtor on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. These taxes are secured by first priority liens

on the real property of the Debtor pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The Taxing Authorities' liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995). These tax claims are entitled to priority as secured claims, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

### III.

The Taxing Authorities object to Debtor's Plan for the reason that it fails to properly provide for the payment of interest on the Taxing Authorities' claims as required by 11 U.S.C. §§506(b), and 1129(b)(2)(A)(i)(II). The Taxing Authorities are entitled to post-petition interest at the statutory rate of 12% per annum, continuing until such time as their claims are paid in full. 11 U.S.C. § 511; See also U.S. v. Graham, 59 Fed. Appx. 660 (6th Cir. 2003); and In re Marfin Ready Mix Corp., 220 B.R. 148 (Bankr. E.D. N.Y. 1998).

**WHEREFORE, PREMISES CONSIDERED**, the Taxing Authorities respectfully pray that this Court sustain their objection to the Plan, that it accordingly deny confirmation of the Plan, and for such other and further relief, at law or in equity, as is just.

Dated:  August 26, 2010

        Respectfully submitted,

        **LINEBARGER GOGGAN**
        **BLAIR & SAMPSON, LLP**

        */s/ John P. Dillman*
        **JOHN P. DILLMAN**
        Texas State Bar No. 05874400
        **TARA L. GRUNDEMEIER**
        Texas State Bar No. 24036691
        Post Office Box 3064
        Houston, Texas 77253-3064
        (713) 844-3478 *Telephone*
        (713) 844-3503 *Telecopier*

        *Counsel for City of Brookshire, Fort Bend County and Harris County*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **Marhaba Partners Limited Partnership,** | § | **Case No. 10-30227-11** |
| | § | |
| *Debtor.* | § | |
| | § | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of *the Objection of City of Brookshire, Fort Bend County and Harris County to Debtor's Amended Plan of Reorganization* was served upon the following entities by either electronic court filing or by United States mail, postage prepaid, on August 26, 2010:

Debtor
**Marhaba Partners Limited Partnership**
1499 Potomac
Houston, TX 77057

Office of the United States Trustee
**Christine A March, Esq.**
515 Rusk Street, Suite 3516
Houston, TX 77002

Debtors' Counsel
**Elizabeth C. Freeman, Esq.**
**John F. Higgins, Esq.**
Porter & Hedges, L.L.P.
1000 Main Street, 36th Floor
Houston, TX 77002

        */s/ Tara L. Grundemeier*
        Tara L. Grundemeier

4