UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARHABA PARTNERS LIMITED | § | CASE NO. 10-30227 |
| PARTNERSHIP, | § | (Chapter 11) |
| | § | |
| DEBTOR. | § | |
| | § | |
| COMPASS BANK D/B/A BBVA COMPASS, | § | |
| | § | |
| MOVANT, | § | |
| | § | |
| VS. | § | |
| | § | |
| MARHABA PARTNERS LIMITED | § | |
| PARTNERSHIP, | § | |
| | § | |
| RESPONDENT. | § | |

**MOTION TO LIFT THE STAY IN FAVOR OF COMPASS BANK D/B/A BBVA
COMPASS AGAINST MARHABA PARTNERS LIMITED PARTNERSHIP**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF
IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE
BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED,
IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF
YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A
COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE
HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE
HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND
THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR
ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON SEPTEMBER 29,
2010, AT 9:00 A.M. IN COURTROOM 403.**

Comes now Compass Bank d/b/a BBVA Compass ("Compass" or "Bank") and files this

its Motion to Lift the Stay in Favor of Compass Against Marhaba ("Motion") and would show

the Court as follows:

1.      On January 5, 2010, Marhaba filed for protection under Chapter 11 of the United States Bankruptcy Code.

2.      As of January 5, 2010, Compass was owed $23,201,783.74, pursuant to two (2) promissory notes executed by the Debtor, plus interest as it continues to accrue and costs (including attorney fees).  Copies of the Promissory Notes are attached hereto as Exhibits **A** and **B**.  The Deeds of Trust and Security Agreements securing both promissory notes are attached hereto as Exhibits **D**, **E**, **F**, **G**, and **H**.

3.      The Debtor has reflected, on its Schedule D – Creditors Holding Secured Claims (docket no. 10), that Compass is an over secured creditor.  The Debtor believes the value of Compass's Collateral (at least in reorganization), has value greater than the amount of the debt owed the Bank.  This assumption by the Debtor is dependent upon the Debtor's appraisal report.  Upon information and belief, the Debtor has obtained a recent appraisal, but has failed to amend its schedules, to reflect the reduced value.  The Bank asserts that the Debtor does not have any equity in the real property and the real property is not necessary for a successful reorganization of the Debtor.  Upon information and belief, other creditors, including but not limited to City Bank and various ad valorem claimants also have liens (however junior to Compass's lien) on the Compass Collateral.

4.      The real property which serves as Compass's Collateral is raw land.  The land has not been developed.  The Debtor has no use for this property.  Compass asserts that the property is not necessary for an effective reorganization.  Upon information and belief, the Debtor, prior to filing bankruptcy and during the pendency of this case, has attempted to locate a buyer, a new lender and/or a new equity partner all to no avail.  The Debtor's Plan contemplates a continuation of these efforts.  The Plan, as presently proposed, is not confirmable without the

2

consent of creditors, and the Debtor lacks such consent.  Therefore, the Debtor has had to continue confirmation for a second time.  The Plan presently contemplates relief from the stay being granted to allow Compass to foreclose in December, and such agreement has been announced in open court by Debtor's counsel; however, the Debtor will not consent to such an agreed order.

5.      The Debtor is not able to generate the funds necessary from internal operations to develop the Compass Collateral.  The Debtor only has one asset that generates any cash flow (the McCue apartments), the Debtor is tardy and has been habitually tardy in the filing of the monthly operating reports ("MOR").  The MOR for January, February, March and April reflect that the Debtor was operating profitably.  *See*, MOR 1, 2, 3 and 4, Docket Nos. 54, 60, 79 and 81.  It is apparent that the Debtor is not completing the MORs correctly, because the Debtor reported beginning cash of $118,959.00 on the filing date.  *See, Id.*  However, on MOR-8 of the April MOR, the ending cash is $63,995.00.  *See*, April MOR-8, Docket No. 81, p. 11 of 13.  Based on beginning cash of $118,959.00, net income of $20,775.00 for January, $31,796.00 for February, $25,223.00 for March and $33,329.00 for April (*See*, Docket No. 81, p. 9 of 13), there should be ending cash of $230,082.00 ($118,959.00 [beginning cash] plus $111,123.00 [Net Profit case to date] = $230,082.00).  In short, there is an unexplained cash discrepancy in less than four months from operations of $166,087.00.  Therefore, the Debtor has lost $166,087.00 in the first four months.  If that trend has continued, it is probable that the Debtor has used all of its cash in its apartment operations through the month of June, 2010.

6.      Based on MOR-8, the Debtor has lost $79,546.00 in the first three months.  If that trend has continued, it is probable that the Debtor has used all of its cash in its apartment operations through the month of June.

930505.20080535/831456.2

7.      The Debtor has no insurance policies in Schedule G – Executory Contracts and Unexpired Contracts and only lists liability policies on its MOR.  *See*, MOR-1.  Attachment 2, Docket No. 60, p. 2 of 13.  The Debtor does not appear to have casualty insurance on any real property improvements

8.      In the Debtor's proposed Disclosure Statement, the Debtor states:

> The Debtor generates the majority of its current revenues from the development and sale of properties and to a much lesser degree from rental income associated with the McCue Property.

*See*, Debtor's Disclosure Statement, Docket #76, p.13, Art. IV, B.   The Debtor lists approximately 3,378.50 acres of land, 59 undeveloped lots and two apartment projects. However, the Debtor has neither developed nor sold any properties during the pendency of this case, which began on January 5, 2010.  The Debtor has obtained approval of a sale of two acres of land; however, upon information and belief, the Debtor has been unable to close on that transaction.

9.      The Debtor owes approximately $70,500,000.00 in secured claims and $925,098.00 in unsecured claims.  *See*, Debtor's Disclosure Statement, Docket #76, p. 18-19. The Debtor stated that prior to the bankruptcy it was "diligently pursuing various avenues to satisfy claims of creditors, including the refinance of properties, securing equity investments and sale of properties." *See*, Debtor's Disclosure Statement, Docket No. 76, p. 15, Art. V, A.3.

10.      The Debtor's Plan is simply more of the same; creditors will be paid from "a combination of available cash on hand as of the Effective Date, allotted funds made available through any equity contribution, and income generated from sale, refinance or operations of the Properties." *See*, Debtor's Disclosure Statement, Docket NO. 76, p. 17, Art. VII, A.  However, there are no details provided.  The Debtor is losing cash, there is no evidence that the present

4

owners of the Debtor can or will contribute funds necessary for an effective reorganization. There are no pending motions to sell any of the properties, and there is no pending motion to refinance any of the debt.

11.    Instead, the Debtor's obligation to Compass on the Notes continues to accrue interest.  Taxes continue to accrue.  In the event Compass is over secured, then Compass is entitled to the default rate of interest.

12.    The Debtor and Compass had reached an agreement that the automatic stay, as it effects Compass's Collateral, will terminate to allow Compass to exercise its state law remedies, including, but not limited to, allowing Compass to post, in November 2010, Compass's Collateral for a non-judicial foreclosure sale to be conducted no earlier than the first Tuesday of December 2010 or any later date.  The present status of that agreement is unknown.

13.    It is not believed that the Debtor has equity in the Compass Collateral because of the various liens against the real property and due to the fact that the Debtor, after many months (both pre- and post-petition), has been unable to either sell the land, refinance the land or find an equity partner.  Compass is relying upon the Debtor, as a fiduciary to the bankruptcy estate, to have brought forth all offers of any interested parties.  Therefore, the lack of any offer indicates that the Debtor has no equity and that the property is not necessary for an effective reorganization within a reasonable time as is required by the Fifth Circuit.

WHEREFORE, PREMISES CONSIDERED, Compass requests that the Court grant the Motion to Lift the Stay Against Marhaba and allow Compass to post, in November 2010 or thereafter, the Debtor's real property that serves as Compass's Collateral, for a public sale to occur on December 7, 2010 or the first Tuesday of any month thereafter; additionally, Compass requests that it be allowed to pursue its state law remedies with regard to its collateral.

930505.20080535/831456.2

Respectfully submitted this 3rd day of September, 2010.

HIRSCH & WESTHEIMER, P.C.

By: /s/  Michael J. Durrschmidt
       Michael J. Durrschmidt
       Texas Bar No. 06287650
       700 Louisiana, Floor 25
       Houston, Texas 77002
       Telephone: 713-220-9165
       Facsimile:  713-223-9319
       E-mail: mdurrschmidt@hirschwest.com

ATTORNEYS FOR COMPASS BANK D/B/A
BBVA COMPASS

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 1st and 3rd day of September, 2010, the undersigned called Elizabeth Carol Freeman, counsel for Debtor, and Ms. Freeman did not return my call.

/s/  Michael J. Durrschmidt
Michael J. Durrschmidt

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2010, a copy of the foregoing Motion to Lift the Stay in Favor of Compass Bank d/b/a BBVA Compass Against Marhaba Partners Limited Partnership was served via first class mail, postage prepaid, to the parties on the attached service list or via the Clerk of the Court through the ECF system.  Movant certifies that Movant has complied with Bankruptcy Local Rule 4001.

/s/  Michael J. Durrschmidt
Michael J. Durrschmidt

6

930505.20080535/831456.2

Marhaba Partners Service List

| | |
|---|---|
| Marhaba Partners Limited Partnership<br>1499 Potomac<br>Houston, Texas 77057 | Elizabeth Carol Freeman<br>Porter & Hedges, LLP<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002 |
| Christine A March<br>Office of the US Trustee<br>515 Rusk, Suite 3516<br>Houston, Texas 77002 | Bank of Houston<br>750 Bering Drive, Suite 100<br>Houston, Texas 77057 |
| BBVA Compass Bank<br>c/o Hirsch & Westheimer, PC<br>700 Louisiana, Suite 2550<br>Houston, Texas 77002 | Central Bank<br>4605 Post Oak Drive, Suite 130<br>Houston, Texas 77027 |
| City Bank<br>10080 Bellaire, Suite 101<br>Houston, Texas 77072 | Fortune Lending Corporation<br>4610 Riverstone Bl., Suite 100<br>Missouri City, TX 77459 |
| Lasco McCue, Ltd<br>3301 Edlow Street, Suite 100<br>Houston, Texas 77027 | Memorial Hermann Hospital<br>9401 Southwest Freeway, Suite 1120<br>Houston, Texas 77074 |
| Taxease Funding LP<br>14901 Quorum Drive, Suite 900<br>Dallas, Texas 75254 | Trustmark National Bank<br>10497 Town & Country Way, Suite 860<br>Houston, Texas 77024 |
| A&S Engineers, Inc.<br>10377 Stella Link Rd<br>Houston, Texas 77025 | Allen Boone Humphries Robinson<br>3200 Southwest Freeway, Suite 2600<br>Houston, Texas 77027 |
| Ambrose Appraisal<br>16545 Village Drive, Building A<br>Jersey Village, TX 77040 | Espey Consultants, Inc.<br>4801 Southwest Parkway<br>Parkway 2, Suite 150<br>Austin, Texas 78735 |
| Jackson Walker LLP<br>1400 McKinney Street, Suite 1900<br>Houston, Texas 77010 | JAHO, Inc.<br>c/o Christian Smith & Jewell<br>2302 Fannin, Suite 500<br>Houston, Texas 77002 |
| Siemco Lawn<br>99 Island Bl<br>Missouri City, Texas 77459 | Terra Associates, Inc.<br>1445 N Loop West, Suite 450<br>Houston, Texas 77008 |

930505.20080535/728216.1

| | |
|---|---|
| Terracon Consultants, Inc.<br>18001 W 106th Street, Suite 300<br>Olathe, KS 66061 | Kurk T Nelson<br>McCormick Hancock & Newton<br>1900 West Loop South, Suite 700<br>Houston, Texas 77027 |
| | |
| J Grady Randle<br>Randle Law Office Ltd.<br>820 Gessner, Suite 1570<br>Houston, Texas 77024 | Howard Marc Spector<br>Spector & Johnson<br>12770 Coit Road, Suite 1100<br>Dallas, Texas 75251 |
| | |
| Trustmark National Bank<br>c/o Donald Turbyfill<br>4801 Woodway, Suite 420 – West<br>Houston, Texas 77056 | Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson<br>PO Box 3064<br>Houston, Texas 77253 |
| | |
| Owen M Sonik<br>Perdue Brandon Fielder Collins & Mott<br>1235 North Loop West, Suite 600<br>Houston, Texas 77008 | Lake Olympia Civic Association<br>c/o Sarah Vultaggio<br>9700 Richmond Avenue, No. 222<br>Houston, Texas 77042 |
| | |
| Michael W Bishop<br>Looper Reed & McGraw, PC<br>1601 Elm Street, Suite 4600<br>Dallas, Texas 75201 | William B Sing<br>Fulbright & Jaworski LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010 |
| | |
| Kirk Guilanshah<br>Memorial Hermann Hospital<br>929 Gessner, Suite 2620<br>Houston, Texas  77024 | Jim Hamilton<br>Ross Banks May Cron & Cavin<br>2 Riverway, Suite 700<br>Houston, Texas 77056 |
| | |
| Melissa Haselden<br>Hoover Slovacek LLP<br>5847 San Felipe, Suite 2200<br>Houston, Texas 77057 | David Langston<br>Mullin Hoard & Brown LLP<br>PO Box 2585<br>Lubbock, Texas 79408 |
| | |
| Jay W Hurst<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, Texas 78711 | |