UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARHABA PARTNERS LIMITED | § | CASE NO. 10-30227 |
| PARTNERSHIP, | § | (Chapter 11) |
| | § | |
| DEBTOR. | § | |
| | § | |
| COMPASS BANK D/B/A BBVA COMPASS, | § | |
| | § | |
| MOVANT, | § | |
| | § | |
| VS. | § | |
| | § | |
| MARHABA PARTNERS LIMITED | § | |
| PARTNERSHIP, | § | |
| | § | |
| RESPONDENT. | § | |

**MOTION TO ENFORCE DEBTOR'S AGREEMENT
REGARDING TERMINATION OF THE AUTOMATIC STAY**

Comes now Compass Bank d/b/a BBVA Compass ("Compass" or "Bank") and files this its Motion to Enforce Debtor's Agreement Regarding Termination of the Automatic Stay ("Motion") and would show the Court as follows:

1. On January 5, 2010, Marhaba filed for protection under Chapter 11 of the United States Bankruptcy Code. On May 5, 2010, Compass Bank filed its proof of claim asserting a secured claim in the real property described on Exhibit A (the "Compass Bank Collateral"). On May 15, 2010, Marhaba filed its Disclosure Statement and Plan. On July 15, 2010, Compass Bank filed an objection to the Debtor's Disclosure Statement.

2. At the hearing to approve the Debtor's Disclosure Statement, Marhaba, by and through its counsel, announced an agreement reached between the Debtor and Compass Bank pursuant to which Compass Bank would withdraw its opposition to the Debtor's Disclosure

Statement in exchange for the agreement of the Debtor to allow the automatic stay to be terminated to allow Compass Bank to post the Compass Bank collateral for foreclosure in November for a December 2010 foreclosure sale.

3. Compass Bank did withdraw its objection to the Debtor's Disclosure Statement and the Court approved the Disclosure Statement (Docket No. 76). The Debtor modified the Debtor's proposed plan to incorporate the agreement into the terms of the Plan and the Debtor mailed the Plan to creditors seeking approval.

4. At the August 9, 2010 hearing to approve the Debtor's Disclosure Statement, Ms. Freeman appeared on behalf of Marhaba together with Marhaba's principal, Mr. Lucyk, who was present in the courtroom. Ms. Freeman and Compass Bank's counsel, Mr. Durrschmidt, addressed the Court, in pertinent part, as follows:

> **FREEMAN**-The next substantive change is on page 22 and this is proposed change treatment to the claim of Compass and I know Mr. Durrschmidt will want to speak to the Court very briefly to announce the intentions of Compass Bank, but the treatment of Compass being proposed by the Debtor is being modified and the prior Plan treatment was for Compass to be paid by December 31, 2010, otherwise it's rights and remedies available to it under state law would be available to it and we have changed that date, so that the date is now November 1, with the stay lifting on December 2, but otherwise the treatment is essentially the same.
>
> **DURRSCHMIDT**-The intent is that the Debtor and Compass have reached an agreement. We are either going to file a motion to lift stay or we are going to file an agreed order that lifts the stay to allow us to post the property in November for a December sale. In the event that they haven't gotten it sold by the first Tuesday of December, then it would be our intent to foreclose on the property. We are thinking we will do that this week your honor.
>
> **FREEMAN**-Yes and the Plan and Disclosure Statement mirror that concept…

Excerpt from August 9, 2010 Disclosure Statement hearing.

5. At the confirmation hearing on August 30, 2010, counsel for the Debtor and Compass Bank stated as follows:

> **FREEMAN**-To matters are on the docket this morning your honor. One is the confirmation hearing and the other is the employment of Hess Hopkins, an accounting firm for the Debtor. With regards to confirmation, several objections were filed. We were in the process of discussing those objections with various creditors and we would ask the Court to continue this confirmation hearing to give us an opportunity to either reach a resolution or prepare for a contested confirmation hearing.
> …
>
> **DURRSCHMIDT**-Your Honor, the only thing that I would ask is that, I understood that the Debtor and Compass had a deal on lifting the stay, that does not…I'm not sure where that is currently and so if the treatment is going to change, then I think there will be a need to re-solicit. In other words, if the Debtor is going to do something different than what is currently in present Plan, then I think we are going to need to re-solicit votes and have ballots and have time to object and things like that.
> …
>
> **FREEMAN**-With regards to Compass, there was an amendment of the Plan and we, as it provides right now, if Compass is not paid in full by November 1st, they have the ability to post the property for foreclosure for December 7. That was an amendment from a prior version of the Plan.

Excerpt from August 30, 2010 Disclosure Statement hearing.

6. Upon information and belief, Marhaba, by and through its principal, David T. Lucyk, has indicated that he will not allow either Marhaba or its counsel to honor the agreement previously reached with Compass Bank and announced in open court.

7. On September 3, 2010, Compass Bank filed its Motion to Lift the Stay in Favor of Compass Bank d/b/a BBVA Compass Against Marhaba Partners Limited Partnership [Docket No. 115] and asserts that its collateral in that property described on Exhibit A. Marhaba has filed an objection to Compass Bank's Motion to Lift.

8. Compass Bank seeks an order from the Court requiring the Debtor to honor its earlier agreement and a termination of the automatic stay to implement the agreement.

## LEGAL ARGUMENT

**Binding Agreement**

9. Compass Bank asserts that the agreement announced into the record is a binding agreement between the parties. All of the material terms were put on the record in open court. "An agreement announced on the record becomes binding even if a party has a change of heart after he agreed to its terms, but before the terms were reduced to writing." *In re Christie*, 173 B.R. 890, 891 (Bankr. E.D. Tex. 1994)(quoting *In re Omni Video, Inc.*, 165 B.R. 22, 26 (Bankr. N.D. Tex. 1994)(J. Ackard). Judge Ackard relied on Fifth Circuit precedent and quoted as follows from the Fifth Circuit's opinion:

> This appeal unsuccessfully seeks to set aside a judgment enforcing a settlement agreement reached after the case was called for trial and thereafter read into the record and approved by the court. Litigants may not disavow compacts thus made and approved, for avoiding the bargain would undermine its contractual validity, increase litigation, and impair efficient judicial administration.

*Omni Video*, 165 B.R. at 26 (quoting *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 528 (5th Cir. 1986).

10. More recently the Ninth Circuit, relying in part on the *Christie* decision, held that a settlement agreement containing all material terms which is put on the Court's record is binding on the parties. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137-38 (9th Cir. 2002).

11. Further, this Court has the inherent power to enforce the agreement which settles numerous contested matters in this case, including the presently scheduled contested stay litigation scheduled for October 18, 2010 at 2:00 p.m. *Omni Video*, 165 B.R. at 26, citing *Borden v. Banacom Mfg. v. Mktg, Inc.*, 698 F. Supp. 121, 123 (N.D. Tex. 1988).

930505.20080535/844696.1

**Judicial Estoppel**

  12. The Debtor is judicially estopped from denying the settlement. The Fifth Circuit has described the doctrine, as follows:

> Judicial estoppels is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position". *Brandon v. Interfirst Corp.,* 858 F.2d 266, 268 (5th Cir.1988).[1] The purpose of the doctrine is "to protect the integrity of the judicial process", by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest". *Id.* (internal quotation marks, parentheses, and citation omitted). Because the doctrine is intended to protect the judicial system, *rather than the litigants,* detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary. *See Matter of Cassidy,* 892 F.2d 637, 641 & n. 2 (7th Cir.), *cert. denied,* 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990).
>
> "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *United States v. McCaskey,* 9 F.3d 368, 378 (5th Cir.1993). The doctrine is generally applied where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice". *Scarano v. Central R. Co.,* 203 F.2d 510, 513 (3d Cir.1953).

*In re Coastal Plains, Inc.*, 179 F.3d 197, 205-6 (5th Cir. 1999).

  13. Here, the two requirements for the application of the doctrine have been met. First, Marhaba has clearly taken inconsistent positions. Marhaba, to get Coompass Bank to withdraw its opposition to the Disclosure Statement, announced an agreement to approve of the termination of the stay and now opposes that termination. Second, Marhaba convinced the Court to approve its Disclosure Statement to send out the modified Plan containing the agreement. *Coastal Plains*, 179 F.3d at 206 (citing *United States* for use of *American Bank v. C.I.T. Construction Inc. of Tex.*, 944 F.2d 253, 258 (4th Cir. 1991).

930505.20080535/844696.1

WHEREFORE, PREMISES CONSIDERED, Compass Bank prays that the Court enforce the agreement announced between Marhaba and Compass Bank, lift the automatic stay to allow for the posting of the Compass Bank Collateral for foreclosure in November 2010 (or any later month) and for foreclosure sale in December 2010 (or any later month) and for such other and further relief as is just.

Respectfully submitted this 30th day of September, 2010.

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael J. Durrschmidt
Michael J. Durrschmidt
Texas Bar No. 06287650
700 Louisiana, Floor 25
Houston, Texas 77002
Telephone: 713-220-9165
Facsimile: 713-223-9319
E-mail: mdurrschmidt@hirschwest.com

ATTORNEYS FOR COMPASS BANK D/B/A BBVA COMPASS

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the 29th day of September, 2010, at approximately 3:00 p.m. the undersigned called Elizabeth Carol Freeman, counsel for Debtor, and Ms. Freeman announced that the Debtor is opposed to the relief requested.

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of September, 2010, a copy of the foregoing Motion to Enforce Debtor's Agreement Regarding Termination of the Automatic Stay was served via first class mail, postage prepaid, to the parties on the attached service list or via the Clerk of the Court through the ECF system.

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

930505.20080535/844696.1