UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
Christine A. March
Attorney for the United States Trustee
515 Rusk, Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4650 Extension 239
Facsimile: (713) 718-4670
E-Mail: christine.a.march@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-30227-H5-11 |
| | § | |
| MARHABA PARTNERS LIMITED PARTNERSHIP | § § | CHAPTER 11 |
| | § | |
| DEBTOR IN POSSESSION | § § | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE OR IN THE ALTERNATIVE TO CONVERT CASE TO CHAPTER 7 AND NOTICE OF HEARING**

*********************************************************************************

LOCAL RULE 9013(b) NOTICE:  THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY (20) DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  **IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AGREEMENT, YOU MUST ATTEND THE HEARING.** UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

*********************************************************************************

**NOTICE OF HEARING: A hearing on this Motion has been scheduled for December 13, 2010 @ 10:00 a.m. in Courtroom #403, Fourth Floor, Federal Courthouse, 515 Rusk, Houston, Texas 77002.**

*********************************************************************************

Motion To Dismiss
Page 1

TO THE HONORABLE KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Judy A. Robbins, the United States Trustee for the Southern District of Texas, by and through the undersigned counsel, who respectfully requests entry of an order dismissing this case pursuant to 11 U.S.C. § 1112(b), Fed.R.Bankr.P. 1017, and BLR 1017, or, in the alternative, converting this case to chapter 7, and represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. A matter involving a motion to convert or dismiss a chapter 11 case a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Judy A. Robbins is the duly appointed United States Trustee for the Southern District of Texas ("UST") pursuant to 28 U.S.C. § 581(a)(7).

3. Pursuant to 11 U.S.C. § 307, the UST has standing to appear and be heard on any issue in a case or proceeding under title 11.

4. Pursuant to 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the UST is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of Title 11, including monitoring the progress of such cases and taking such actions as the UST deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(G).

### Factual Background

5. On January 5, 2010 the debtor in the captioned case, Marhaba Partners Limited Partnership ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Southern District of Texas. Debtor has operated as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. On April 19, 2010 the court entered a Scheduling Order. This order required the debtor *inter alia* to file a plan and disclosure statement by May 15, 2010, to file operating reports by the 20th of the month after the reporting month to present.

### Failure to File Operating Reports

7. This case has been pending since January, 2010. Monthly Operating Reports are required to be filed each month that the case is pending. Operating reports for the months of February, May, June, July, August and September 2010 are delinquent.

8. Cause exists either to convert or dismiss this case pursuant to 11 U.S.C. § 1112(b)(1) and

(b)(4)(F) because there is an unexcused failure to satisfy timely any filing or reporting requirement established by title 11 or by any rule applicable to a case under chapter 11.

### Failure to Confirm

9. On April 19, 2010, the court entered an Order requiring the Debtor to file a Plan and a Disclosure Statement no later than May 15, 2010.

10. On May 15, 2010 the Debtor filed a Plan and a Disclosure Statement ( Docket # 76 and 77).

11. A hearing was set for the approval of the Disclosure Statement for July 19, 2010 (Docket # 82).  Five response/objections were filed opposing the approval of the Disclosure Statement (Docket #s 88, 89, 90, 91 and 92).

12. At the hearing on the Disclosure Statement the court granted a continuance until August 9, 2010 and a shortened hearing on Plan Confirmation to August 30, 2010.

13. Amended Disclosure Statement and an Amended Plan was filed on August 9, 2010 and the Amended Disclosure Statement was approved on the same day.

14. Prior to the hearing on the Confirmation, five objections to confirmation were filed (see Docket #s 106, 107, 109, 110, 111 and 112).  At the hearing on confirmation, the court approved a continuance of the hearing to September 27, 2010.  At that hearing, the court approved an additional continuance of the confirmation hearing to October 26, 2010.  At that hearing the court granted an additional continuance of the confirmation hearing to December 13, 2010.

15. After the October 26 hearing, motions to lift the automatic stay pursuant to 11 U.S.C. 362 were filed by various creditors.  Compass Bank filed a motion to lift the stay (Docket # 115), Tax Ease filed a motion to lift the stay (Docket # 117), Fortune Lending Corp filed a motion to lift the stay (Docket # 127), City Bank filed a motion to lift the stay (Docket # 130), Trustmark National Bank filed a motion to lift the stay (Docket # 131).

16. The court entered an order granting the motion to lift the stay filed by Compass Bank (Docket # 115, granted at Docket # 138).  An agreed order was entered in relation to a motion to lift stay filed by Tax Ease (Docket #117, granted at #139).  An agreed order was entered in relation to a motion to lift stay filed by Fortune Lending Corp. (Docket # 127, granted at #143).  An agreed order was entered in relation to the City Bank Motion to Lift Stay  (Docket #130, entered at #144).   A proposed agreed order was submitted relating to the motion to lift the stay filed by Trustmark National Bank (Docket # 131 filed at docket # 147).

17. Pursuant to the various agreements in response to the motions to lift the automatic stay and the orders granting the lift stay, the majority of the Debtor's properties will be posted for foreclosure on December 7, 2010.  Unless the Debtor is able to negotiate a consensual plan to resolve the objections of the various parties, the Debtor will be unable to effectuate a viable plan and the case should be dismissed.

18. Cause exists either to convert or dismiss this case pursuant to 11 U.S.C. § 1112(b)(1) and (b)(4)(A) because there is a continuing loss or diminution to the estate and an absence of likelihood of rehabilitation. Specifically, the Debtor's assets will be foreclosed and it will be impossible for the Debtor to obtain alternate financing and will be without properties to reorganize, develop or operate.

## Relief Requested

19. The UST is of the opinion that dismissal is in the best interest of creditors and the estate for want of prosecution.

20. If this Court determines that dismissal is not in the best interest of creditors and the estate, then the UST, in the alternative, would request the entry of an order converting this chapter 11 case to chapter 7.

THEREFORE, the UST prays that this Court enter an order dismissing this chapter 11 case pursuant to 11 U.S.C. § 1112(b), or, in the alternative, converting this case to chapter 7, and for any and all further relief as may be equitable and just.

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE

By: /s/Christine A. March
Christine Ann March
Attorney for the United States Trustee
Texas Bar #129680200
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone: (713) 718-4650 Extension 239
Facsimile: (713) 718-4670
E-Mail; christine.a.march@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **UNITED STATES TRUSTEE'S MOTION TO DISMISS** was served electronically upon the parties so noticed by the Clerk of the Bankruptcy Court, and upon the Debtors and Debtors' Attorney as listed below, by United States Mail first class postage prepaid or ecf transmission as noted on this the 4 of November, 2010.

      /s/ Christine A. March
Christine Ann March
Attorney for the United States Trustee

Debtor

Marhaba Partners Limited Partnership
1499 Potomac
Houston, TX 77057

Debtor's Counsel:

Elizabeth Carol Freeman
Porter & Hedges, L.L.P.
1000 Main Street, 36th Floor
Houston, TX 77002